[ECF No. 59]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| **ALFRED A. DELSOLE, JR.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**ADAM CHIOLAN, et al.,**<br><br>**Defendants.** | Civil No. 25-720 (KMW/EAP) |

## OPINION

This matter comes before the Court on Defendants Blair Astbury, Michael Flory, and Robert Kilmurray's ("State Defendants") Motion to Stay Discovery.  ECF No. 59 (State Defs.' Mot.).  Plaintiff Alfred A. Del Sole, Jr. ("Plaintiff") opposes the Motion.  ECF No. 64 (Pl.'s Opp.). The State Defendants timely submitted a reply.  ECF No. 65 (State Defs.' Reply).[1]  The Court has reviewed the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.  For the reasons that follow, Defendants' Motion is **DENIED**.

## I.    Factual Background

This case arises from a police encounter between Plaintiff Alfred Del Sole, Jr., and Defendant Adam Chiolan, a Pemberton Township law enforcement and patrol officer.  ECF No. 25 (Amend. Compl.) ¶¶ 3-5.  According to Plaintiff, on January 26, 2023, Plaintiff observed an unfamiliar vehicle parked near his residence that "appeared suspicious to him."  *Id.* ¶¶ 19, 20. Plaintiff alleges that he approached the vehicle to take a picture of the license plate and was

---

[1]    Defendants Adam Chiolan and Pemberton Township ("Township Defendants") have not filed a response to the State Defendants' Motion.

"surprised to see its brake lights illuminate." *Id.* ¶¶ 21-22. A man seated in the driver's seat partially rolled down his window. *Id.* ¶¶ 23-24. According to Plaintiff, when he asked the individual if he lived on the premises or had permission to be there, the individual responded "No," and when Plaintiff asked the individual to leave, the individual stated that "he did not have to leave" and asked Plaintiff "what he was going to do about it." *Id.* ¶¶ 25, 26.

Thereafter, the encounter escalated. Plaintiff alleges that he "saw the individual reach toward the passenger side floor and open the driver's side door, causing Plaintiff to fear the individual [was] getting a weapon which he would use against Plaintiff" and that, "[f]earing for his safety," Plaintiff sprayed the individual in the face with a container of Mace. *Id.* ¶¶ 27-28. After this, Plaintiff alleges that the individual "physically attacked [him], forcefully punching him multiple times in his throat, face, and head." *Id.* ¶ 29. According to Plaintiff, although he tried to move away from the individual, the "violent beating" continued, and out of fear of his own death, "Plaintiff attempted to defend himself and stop the beating by using a knife he was carrying to stab the individual in the stomach." *Id.* ¶¶ 30-31.

According to the Plaintiff, it was only after being stabbed that the individual stated to Plaintiff that he was a police officer. *Id.* ¶ 34. Plaintiff later learned that the individual was Defendant Chiolan, a law enforcement officer who was working undercover as a task force officer with the New Jersey State Police ("NJSP") Methamphetamine Task Force and/or the NJSP Weapons Trafficking Central Unit and was conducting surveillance when Plaintiff approached him. *Id.* ¶ 35.

Plaintiff brought this action against the Defendants alleging the following causes of action in connection with this encounter: a Fourth Amendment violation for use of excessive force under 42 U.S.C. § 1983 against Defendant Chiolan, *see id.* ¶¶ 41-44 ("First Claim"); a *Monell* claim

under 42 U.S.C. § 1983 against Defendant Pemberton Township (Defendant Chiolan's employer), *see id.* ¶¶ 45-52 ("Second Claim"); three claims of supervisory and *Monell* liability under 42 U.S.C. § 1983 against Defendant Astbury, *see id.* ¶¶ 53-62 ("Third Claim"), Defendant Michael Flory, *see id.* ¶¶ 63-73 ("Fourth Claim"), and Defendant Robert Kilmurray, *see id.* ¶¶ 74-83 ("Fifth Claim");[2] and finally, state law claims for assault and battery against Defendants Chiolan and Pemberton Township as vicariously liable for Defendant Chiolan's acts and omissions, *see id.* ¶¶ 94-98 ("Seventh Claim").

## II.    Procedural History

On January 24, 2025, Plaintiff filed a Complaint against Defendants Chiolan and Pemberton Township.  ECF No. 1 (Compl.).  Thereafter, on August 22, 2025, Plaintiff filed an Amended Complaint that remains the operative pleading in this matter.  Am. Compl.  The Amended Complaint names both original defendants and adds three defendants: Blair Astbury, Michael Flory, and Robert Kilmurray.  *Id.*

On November 20, 2025, the State Defendants filed a motion to dismiss all claims against them.  ECF No. 39 (Mot. to Dismiss).  That motion is set before the District Judge in this matter and remains pending.[3]

---

[2]   On January 23, 2026, an additional supervisory and *Monell* claim against Defendant Aislynn Stern was voluntarily dismissed by stipulation.  *See* ECF No. 58 (Stipulation of Dismissal).

[3]   Because the arguments on the motion to dismiss are relevant to the present Motion to Stay, the Court briefly summarizes the parties' briefing for context.  The State Defendants argue that Plaintiff failed to plead supervisory liability under any theory, and that the *Monell* claims fail as a matter of law because they cannot be brought against individual defendants.  ECF No. 39-1 (Defs.' Br. in Support of Mot. to Dismiss) at 1, 3.  In opposition, Plaintiff argues he has plausibly alleged Section 1983 claims against the individual defendants, concedes that the *Monell* claims fail as a matter of law, and argues that, if the Court finds that Plaintiff failed to plausibly allege supervisory liability claims, Plaintiff should be granted leave to amend his complaint to include additional allegations under a knowledge and acquiescence theory.  *See* ECF No. 49 (Pl.'s Opp. Br. to Mot. to Dismiss) at 1.  In reply, Defendants repeat their argument that Plaintiff fails to plausibly plead Section 1983 claims but further argue that leave to amend should be denied as

3

On January 28, 2026, the State Defendants filed the present Motion to Stay Discovery. State Defs.' Mot.  While the motion to stay was pending, the parties engaged in discovery.

### III.    <u>Motion to Stay</u>

The State Defendants argue good cause exists to grant the stay because (1) qualified immunity must be decided as a threshold issue on the motion to dismiss before proceeding with discovery as to Plaintiff's knowledge and acquiescence theory of supervisory liability, *see* ECF No. 59-1 (State Defs.' Br.) at 3-8; and (2) Plaintiff fails to plead a plausible failure-to-train claim that would otherwise warrant discovery, *see id.* at 8-10.

In opposition, Plaintiff does not address Defendants' qualified immunity argument but argues that there is "no legitimate reason to delay discovery" regarding his failure-to-train theory of liability.  Pl.'s Br. at 1.  Plaintiff asserts that "[i]n contrast to a 'formulaic recitation of the elements of a constitutional claim,' [Plaintiff's] Amended Complaint contains well-pleaded allegations supporting [the State] Defendants' supervisory liability for failing to properly train Chiolan." *Id.* at 10.  Plaintiff further argues that "[d]iscovery is particularly warranted in this case because evidence regarding the specifics of Chiolan's training are in [the State] Defendants' hands and not otherwise available to DelSole." *Id.* at 12 (citing *Carter v. City of Phila.*, 181 F.3d 339, 357-58 (3d Cir. 1999)).

In reply, the State Defendants note that because Plaintiff does not oppose their qualified immunity argument, "there is no dispute that the State Defendants are entitled to [a] stay of discovery with respect to Plaintiff's knowledge and acquiescence claims."  Defs.' Br. at 3.

---

futile because any liability premised on the State Defendants' "knowledge or acquiescence" of Defendant Chiolan's actions is barred by qualified immunity. *See* ECF No. 51 (Defs.' Reply to Mot. to Dismiss) at 6-9.  The Court scheduled oral argument on the motion to dismiss for June 29, 2026.  ECF No. 72 (Order).  At the request of counsel, ECF No. 73 (Letter), the Court rescheduled oral argument for August 5, 2026, and administratively terminated the motion pending oral argument on the motion, ECF No. 74 (Order).

Defendants further argue that a stay is warranted as to the failure-to-train theory because Plaintiff failed to plausibly plead this claim; Plaintiff fails to show that he would be prejudiced by a stay, noting that "delay alone is an insufficient basis to find prejudice"; and that the State Defendants "are not in the possession of the discovery he seeks." *Id.* at 2.

The Motion is now ripe for adjudication.

## IV.    **Standard of Review**

The United States Supreme Court has long recognized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id*. at 254-55 (citations omitted). Motions to stay proceedings are committed to a district court's "sound discretion." *Bechtel Corp. v. Loc. 215, Laborers' Int'l Union of N. Am., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976). The Court remains mindful that the stay of civil proceedings is an "'extraordinary remedy,'" and the moving party bears the burden to show that the stay is warranted. *Konopca v. Comcast Corp.*, No. 15-6044, 2016 WL 1645157, at *3 (D.N.J. Apr. 26, 2016) (quoting *S. Freedman & Co. v. Raab*, No. 06-3723, 2008 WL 4534069, *2 (D.N.J. Oct. 6, 2008)). Moreover, "when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Worldcom Techs., Inc. v. Intelnet Int'l, Inc.*, No. 00-2284, 2002 WL 1971256, at *6 (E.D. Pa. Aug. 22, 2002) (quotation omitted).

In considering a motion to stay pending the resolution of a motion to dismiss, "the mere filing of a motion to dismiss does not satisfy the 'good cause' requirement for a stay." *United*

5

*Healthcare Servs., Inc. v. Teva Pharms. USA, Inc.*, No. 22-6643, 2023 WL 6558058, at *2 n.2 (D.N.J. May 11, 2023) (citations omitted). The court considers whether the pending motion "appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law," *Victor v. Huber*, No. 12-282, 2012 WL 2564841, at *2 (M.D. Pa. July 2, 2012), and whether it would narrow or render all discovery futile, *Weisman v. Mediq, Inc.*, No. 95-1831, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995); *see also Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) (recognizing that "[i]n certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile.").

However, in resolving a motion to stay pending the adjudication of a dispositive motion, "this Court cannot predict how [the District Judge] will rule on the pending motion to dismiss." *United Healthcare Servs., Inc.*, 2023 WL 6558058, at *2 n.2 (citing *Galarza v. Whittle-Kinard*, No. 16-764, 2017 WL 2198182, at *3 (D.N.J. May 18, 2017) (finding that "a determination of good cause cannot depend upon [a] prediction of how the District Judge will decide defendants' dispositive motion" absent a "clear and unmistakable result")). Rather, the Court "examines how the motion's resolution may impact the overall adjudication of this action." *Actelion Pharms. Ltd. v. Apotex Inc.*, No. 12-5743, 2013 WL 5524078, at *6 (D.N.J. Sept. 6, 2013). "In certain circumstances, the nature of the dispositive motion may be such that any resultant resolution may have little impact on the ultimate scope of discovery. Thus, this factor requires an individual determination in light of the specific circumstances of a given case." *Id*

Importantly, when one party asserts a qualified immunity defense on the pending motion to dismiss, "[a] defense of qualified immunity is a weighty interest supporting an exercise of the court's discretion to stay discovery." *Feibush v. Johnson*, 280 F. Supp. 3d 663, 664 (E.D. Pa. 2017) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)). "The immunity is intended to

protect officials from the potential consequences of suit, including distractions from official duties, inhibition of discretionary action, and deterrence of able people from public service." *Thomas v. Indep. Twp.*, 463 F.3d 285, 291 (3d Cir. 2006). Accordingly, the Supreme Court has explained that "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (citing *Harlow*, 457 U.S. at 818).

"The standard upon which to determine whether to stay discovery in these instances strongly favors staying discovery until the qualified immunity issue is resolved; however, the standard is permissive, leaving significant discretion to the district courts." *Feibush*, 280 F. Supp. 3d at 665. "The Court in *Mitchell* stated that 'such pretrial matters as discovery are to be avoided *if possible*.'" *Id.* (quoting *Mitchell*, 472 U.S. at 526) (emphasis added)).

Thus, although this factor is "weighty," it is not dispositive. The Court considers it among several other factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set. *Udeen v. Subaru of Am., Inc.*, 378 F. Supp. 3d 330, 332 (D.N.J. Mar. 12, 2019) (citing *Jackson v. Trump Ent. Resorts, Inc.*, No. 13-1605, 2015 WL 13637411, at *4 (D.N.J. Feb. 11, 2015)).

## V.    **Discussion**

Here, the Court finds that the State Defendants have failed to carry their burden of demonstrating that a stay is warranted.

As a threshold matter, the assertion of a qualified immunity defense on a motion to dismiss does not deprive this Court of its discretion to determine the propriety of a stay. *See Feibush*, 280

F. Supp. 3d at 665 ("The standard upon which to determine whether to stay discovery in these instances strongly favors staying discovery until the qualified immunity issue is resolved; however, the standard is permissive, leaving significant discretion to the district courts."). Rather, the Court must weigh all competing interests to determine whether a stay is appropriate. And although the Court acknowledges the importance of resolving an immunity defense prior to commencing discovery, its weight in this Court's consideration is weakened by the reality that Courts in this District often decline to resolve qualified immunity defenses at the pleadings stage. *See Janowski v. City of N. Wildwood*, 259 F. Supp. 3d 113, 121 (D.N.J. 2017) ("'[T]he qualified immunity analysis involves a fact-intensive inquiry that is generally ill-suited for resolution at the pleadings stage.'" (quoting *Batiz v. Brown*, No. 12-581, 2013 WL 1137531, at *7 (D.N.J. Mar. 14, 2013))); *see, e.g.*, *Goodell v. Lanigan*, No. 18-16588, 2020 WL 525927, at *10 (D.N.J. Jan. 31, 2020) ("Because there are questions of fact which cannot be disposed of on a motion to dismiss, Defendants' Motion to Dismiss the excessive force claim on qualified immunity is denied."); *Wiley v. City of Newark*, No. 16-2530, 2017 WL 4678202, at *2 (D.N.J. Oct. 16, 2017) (same); *Custin v. Wirths*, No. 12-910, 2016 WL 1157644, at *4 (D.N.J. Mar. 22, 2016) (same). Thus, absent additional discovery, it remains uncertain whether the pending Motion to Dismiss would resolve the qualified immunity defense.

And although the pending motion to dismiss "do[es] not appear to be without foundation in law," *Victor*, 2012 WL 2564841, at *2, the Court cannot predict the District Judge's ruling to find good cause to warrant a stay, *see United Healthcare Servs., Inc.*, 2023 WL 6558058, at *2 n.2 (further citations omitted). Instead, the Court "examines how the motion's resolution may impact the overall adjudication of this action" and finds that this impact is far too speculative to support a finding of good cause at this stage of the litigation. *Actelion Pharms. Ltd. v. Apotex Inc.*, No. 12-

5743, 2013 WL 5524078, at *6 (D.N.J. Sept. 6, 2013). Here, the State Defendants' success in its motion to dismiss remains speculative because (a) the failure to train theory could survive, and (b) even if the motion is granted in its entirety, the District Judge could grant leave to amend the complaint and decline to resolve the qualified immunity defense on the pleadings alone.

The Court further finds that the remaining factors under consideration weigh against granting a stay. First, the State Defendants have made no showing of a clear case of hardship or inequity if their relief is denied. Indeed, the State Defendants proceeded with discovery for nearly two months before even moving for a stay. Second, any potential simplification of the issues for trial is uncertain, given that the practical impact of the motion to dismiss on the litigation is so speculative. Third, although the State Defendants aver that they do not possess certain discovery sought by Plaintiff, *see* Defs.' Reply Br. at 2, 4-5, permitting a stay of this matter at this juncture would likely prejudice Plaintiff by denying him access to relevant discovery in the State Defendants' possession to support its claims against the remaining defendants. Finally, fact discovery was well underway when this Motion was originally filed, and discovery has continued while this Motion remained pending. Given the State Defendants' own delay in moving for the stay, and the fact that discovery is now nearly complete, ordering a stay at this juncture is more likely to prejudice the Plaintiff and disrupt the orderly disposition of the case.

## VI.     Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Stay. An appropriate Order follows this Opinion.

s/Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc:  Hon. Karen M. Williams, U.S.D.J.